

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-13-00274-CV, 07-13-00275-CV, 07-13-00276-CV

IN RE DAVID LLOYD GARRISON, RELATOR

ORIGINAL PROCEEDING

August 26, 2013

ON PETITION FOR WRIT OF MANDAMUS

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator, David Lloyd Garrison, has filed documents in this Court which we must construe as petitions for writs of mandamus.[1]  In them, Relator asks this Court to direct Respondent, presiding judge of the 251st District Court, to appoint counsel to represent Relator in his pending application(s) for writ of habeas corpus relating to out-of-time appeals from three convictions.[2]  We will dismiss Relator's petitions for want of jurisdiction.

---

[1] "We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it."  State Bar of Tex. v. Heard, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding) (citing TEX. R. CIV. P. 71).

[2] See TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012).

Relator explains that he filed his article 11.07 application on August 5, 2013. He appears to maintain that, based on Relator's indigent status, Respondent has the duty to appoint counsel for him in connection with his pending article 11.07 application[3] and requests that this Court compel Respondent to do so.

Article 11.07 of the Texas Code of Criminal Procedure, however, vests exclusive jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. See Padieu v. Court of Appeals of Tex., Fifth Dist., 392 S.W.3d 115, 117 (Tex.Crim.App. 2013) (per curiam); see also TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5. Consequently, intermediate "appellate courts have scrupulously declined to intervene in pending Article 11.07 actions, noting [the Texas Court of Criminal Appeals]'s exclusive jurisdiction." Padieu, 392 S.W.3d at 117 (citing In re McAfee, 53 S.W.3d 715 (Tex.App.—Houston [1st Dist.] 2001, orig. proceeding) (per curiam)). Article 11.07 simply contains no role for the intermediate courts of appeals; the only courts to which article 11.07 refers are the convicting court and the Texas Court of Criminal Appeals. In re McAfee, 53 S.W.3d at 718. "Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the [Texas] Court of Criminal Appeals." Id. (citing TEX. CONST. art. V, § 5). As an intermediate appellate court, we are without authority to issue writs of mandamus in criminal law matters pertaining to pending article 11.07 proceedings. See id.; see also Padieu, 392 S.W.3d at 117 (citing Ex parte Alexander,

---

[3] We do not have a record of said application; nor do we have a record of any sort that would show that Relator is otherwise entitled to the relief he requests. See TEX. R. APP. P. 52.3(k)(1)(A) (requiring Relator to include appendix with petition containing "certified or sworn copy of any order complained of, or any other document showing the matter complained of"), 52.7(a)(1) (requiring Relator to file with petition "a certified or sworn copy of every document that is material to relator's claim for relief").

685 S.W.2d 57, 60 (Tex.Crim.App. 1985), and TEX. CODE CRIM. PROC. ANN. art. 11.07 § 5).[4]

Accordingly, we dismiss Relator's petitions for want of jurisdiction. See In re McAfee, 53 S.W.3d at 718.

Per Curiam

---

[4] Relator has also filed a supplemental document in connection with these causes in which he appears to request that this Court direct the trial court to grant him an out-of-time appeal. Because the matters raised in this supplemental filing also involve Relator's pending article 11.07 application, we are similarily without jurisdiction to entertain this supplemental claim for mandamus relief. To the extent he asks this Court to—either directly or indirectly—grant him an out-of-time appeal, we remind Relator that such relief is beyond the jurisdiction of this Court; his recourse, if any, in this context is by way of post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals. See TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3, 5 (West Supp. 2012)