

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-14-00224-CV

IN RE MILO CRADALE WILLIAMS, RELATOR

Original Proceeding

July 14, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Relator, Milo Cradale Williams, has filed in this Court an original proceeding he has identified as a petition for writ of mandamus. After having studied the relief he seeks by way of his petition, we construe his petition as an application seeking post-conviction habeas corpus relief from a final felony conviction in trial court cause number 55,244-D.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013). We will dismiss his petition for want of jurisdiction.

---

[1] Trial court cause number 55,244-D is the criminal cause in which, in 2006, he was convicted of a 2001 murder and sentenced to life imprisonment. We considered and affirmed said conviction on direct appeal. *See Williams v. State*, 290 S.W.3d 407 (Tex. App.—Amarillo 2009, no pet.) (mem. op.).

Relator's Contentions

First, Relator identifies himself as a *cestui que vie trust*, an archaic legal term which we have roughly translated in this particular presentation as a person entitled to an equitable estate, as opposed to a legal one. He does not identify an underlying cause in which such a status is relevant. He then goes on to complain that the trial court lacked subject matter jurisdiction but again fails to identify the nature of the underlying cause over which the trial court purportedly lacked jurisdiction. He next focuses on the special appearance he filed in the trial court, referring to the copy he attached in the appendix to his petition. Relator continues, lodging several contentions regarding a void judgment. He then makes passing references to statutes of limitations and repose before he begins a brief discussion regarding defective pleadings. Again, Relator has yet to identify the nature of the underlying proceedings of which he has these many complaints.

Finally, his intention becomes at least partially clear in his request for relief, when he asks this Court to compel Respondent, the Honorable Don Emerson, presiding judge of the 320th District Court, to answer Relator's pleadings by either (1) entering an order vacating the judgment in cause number 55,244-D for want of jurisdiction or (2) provide findings of fact and conclusions of law as to the trial court's jurisdiction of "Third Party Interest Intervenor under Injury." Indeed, the special appearance to which Relator referred earlier in his petition was filed in cause number 55,244-D per the district clerk's inmate correspondence reply form confirming receipt of said filing. As we have noted, trial court cause number 55,244-D is the criminal proceeding in which Relator was convicted of murder and sentenced to life imprisonment.

Because Relator specifically asks that we compel Respondent to declare void the trial court's judgment of conviction, we interpret the relief he seeks as in the nature of habeas corpus. "We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it." *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding) (citing TEX. R. CIV. P. 71). With that, we can only construe Relator's petition in the case at bar as one seeking post-conviction relief from a final felony conviction. Such relief is governed by Article 11.07 of the Texas Code of Criminal Procedure and is outside of our jurisdiction. *See Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

Jurisdiction over Article 11.07 Applications

Article 11.07 of the Texas Code of Criminal Procedure vests exclusive jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (per curiam); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5. Consequently, intermediate "appellate courts have scrupulously declined to intervene in pending Article 11.07 actions, noting [the Texas Court of Criminal Appeals]'s exclusive jurisdiction." *Padieu*, 392 S.W.3d at 117 (citing *In re McAfee*, 53 S.W.3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (per curiam)). Article 11.07 simply contains no role for the intermediate courts of appeals; the only courts to which Article 11.07 refers are the convicting court and the Texas Court of Criminal Appeals. *In re McAfee*, 53 S.W.3d at 718. "Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the [Texas] Court of Criminal Appeals." *Id.* (citing TEX.

3

CONST. art. V, § 5).  Accordingly, we are without jurisdiction to grant the relief Relator has requested in his petition.[2]

## Conclusion

Because we lack jurisdiction to grant the relief requested, we dismiss Relator's petition.

Mackey K. Hancock
Justice

---

[2] Even if we were to construe Relator's petition as one seeking mandamus relief, he has failed to show that Respondent had a ministerial duty to vacate the 2006 murder conviction and, therefore, has likewise failed to show himself entitled to the relief requested.  Additionally, to the extent Relator's alternative request for findings of fact and conclusions of law as to the trial court's jurisdiction of "Third Party Interest Intervenor under Injury" may also be fairly understood as a request for mandamus relief, we likewise conclude that Relator has failed to show himself entitled to such relief.  To be entitled to mandamus relief, a relator must show that he or she has no adequate remedy at law to redress the alleged harm and that he or she seeks to compel a ministerial act, one not involving a discretionary or judicial decision.  *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).