**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed August 19, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00661-CR

### NO. 14-14-00662-CR

### IN RE WILLIE DARRIES, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**184th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1370032 & 1370033**

---

## MEMORANDUM OPINION

On August 13, 2014, relator Willie Darries filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Jan Krocker, presiding judge of the 184th District Court of Harris County, to rule on his pending post-conviction application for writ of habeas corpus.

The Texas Court of Criminal Appeals has exclusive jurisdiction in final post-conviction habeas corpus proceedings. Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2013); *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding). An intermediate appellate court has no authority to compel a trial court to rule on matters related to a petition for writ of habeas corpus. *See In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) ("Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals."). Therefore, we have no jurisdiction over relator's request for relief.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices McCally, Donovan, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).