

# NUMBER 13-14-00583-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JERRY J. MILLER

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Jerry J. Miller, proceeding pro se, filed a petition for writ of mandamus in the above cause on October 7, 2014, seeking general relief regarding his judgment of conviction. This Court previously affirmed relator's conviction on direct appeal. *See Miller v. State*, No. 13-03-00042-CR, slip op. ¶ 1 (Tex. App.—Corpus Christi Aug. 12, 20014, writ ref'd) (not designated for publication) (mem. op.), *available at*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=110e70d5-fc7b-4f16-8355-cbc947ecd84c&coa=coa13&DT=Opinion&MediaID=3b05f1db-7794-4360-b6f6-ebd14a367d2b.

To be entitled to mandamus relief, the relator must show:  (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act.  *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding).  If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied.  *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  It is relator's burden to properly request and show entitlement to mandamus relief.  *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").  In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3.  In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief.  *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).  The petition for writ of mandamus in this case fails to comply with these requirements.

Although courts of appeals have jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction over matters related to final post-conviction felony proceedings.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West, Westlaw through 2013 3d C.S.); *Padieu v. Ct. of App. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117

(Tex. Crim. App. 2013) (orig. proceeding) ("It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction."); *Board of Pardons & Paroles ex rel. Keene v. Ct. of App. of Tx., Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final felony conviction. Jurisdiction to grant post-conviction habeas corpus relief on a final felony conviction rests exclusively with [the Court of Criminal Appeals].").  The Court of Criminal Appeals' exclusive jurisdiction under article 11.07 does not necessarily, however, divest the courts of appeals of jurisdiction to decide the merits of a mandamus petition when the relator has no article 11.07 application pending.  *See Padieu*, 392 S.W.3d at 117–18.

The Court, having examined and fully considered the petition for writ of mandamus, which is supported by neither a record nor an appendix, is of the opinion that relator has not established that we possess jurisdiction over this original proceeding.  *See Padieu*, 392 S.W.3d at 117–18.  Accordingly, relator's petition for writ of mandamus is DISMISSED for lack of jurisdiction.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of October, 2014.

3