**Opinion filed January 22, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00002-CR

_____

## IN RE WALTER ESTES

_____

**Original Mandamus Proceeding**

_____

## M E M O R A N D U M   O P I N I O N

Relator, Walter Estes, has filed a petition for writ of mandamus against the judge of the 35th District Court of Brown County, Texas. He alleges that the trial court failed to do a thorough investigation of the allegations that he raised in an application for writ of habeas corpus and that the trial court failed to enter findings of fact and conclusions of law regarding those allegations. Relator also alleges that, because the trial court failed to make and submit detailed findings and conclusions to the Court of Criminal Appeals, the Court of Criminal Appeals had no actual facts supported by law to review Relator's application. We dismiss the petition for want of jurisdiction.

We first note that Relator has not filed any supporting documentation in this court, such as an appendix or a record, as required under TEX. R. APP. P. 52.3 and 52.7. Therefore, Relator has not presented us with sufficient documentation to demonstrate that he is entitled to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Although Relator's failure to comply with TEX. R. APP. P. 52 would ordinarily require us to deny his petition for writ of mandamus, we must dispose of this proceeding on a different ground. In his petition, Relator seeks relief related to an application for writ of habeas corpus that he filed with the trial court and that the Court of Criminal Appeals denied. The habeas corpus procedure set out in Article 11.07 of the Texas Code of Criminal Procedure provides the exclusive remedy for felony postconviction relief in state court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2014); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). Only the Texas Court of Criminal Appeals has jurisdiction over matters related to postconviction relief from an otherwise final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also* CRIM. PROC. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene*, 910 S.W.2d at 483.

In *Padieu v. Court of Appeals of Texas, Fifth District*, the Court of Criminal Appeals held that intermediate appellate courts do have jurisdiction over the trial court if the mandamus relief is requesting the trial court to rule on a motion in which the Relator sought documents to use in preparation of a habeas application when there is not yet an 11.07 application pending. 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013). That is not the case we have here. According to Relator's petition for writ of mandamus, he has filed an 11.07 application, and the Court of Criminal Appeals has denied his application. Although his application may no

longer be "pending," we do not believe that we have jurisdiction over Relator's petition for writ of mandamus because he challenges the trial court's actions regarding an 11.07 application that he has already filed.  We have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under Article 11.07.  *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, we dismiss Relator's petition for writ of mandamus for want of jurisdiction.

PER CURIAM

January 22, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3