

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,727

**PHILIPPE PADIEU, Relator**

**v.**

**COURT OF APPEALS OF TEXAS, FIFTH DISTRICT, Respondent**

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NOS. 05-11-00883-CV, 05-11-00884-CV, 05-11-00885-CV,
### 05-11-00886-CV, 05-11-00887-CV, 05-11-00888-CV
### IN THE COURT OF APPEALS OF TEXAS, FIFTH DISTRICT, DALLAS

**Per Curiam.**

### O P I N I O N

Relator filed an application for a writ of mandamus in this Court after the Fifth Court

of Appeals dismissed his petitions for writs of mandamus filed in that court for want of

jurisdiction. *In re Padieu*, Nos. 05-11-00883 – 00888-CV, 2011 WL 2816736, *1 (Tex.

App.—Dallas, July 19, 2011) (not designated for publication). Relator argues that the

appellate court had jurisdiction and its dismissal was in error. He seeks issuance of the writ

of mandamus requiring the court of appeals to consider his petitions on their merits. We will grant relief.

This Court has the power to issue the writ of mandamus in criminal-law matters. Tex. Const. art. V, § 5(c). Texas appellate courts also have authority to issue a writ of mandamus against a judge of a district or county court within their geographic jurisdiction. TEX. GOV'T CODE § 22.221(b)(1). Relator's petition was directed at a district judge. Due to this concurrent jurisdiction, relator properly first sought mandamus relief against the district judge in the appellate court. *Padilla v. McDaniel*, 122 S.W.3d 805, 808 (Tex. Crim. App. 2003).

This Court does not have jurisdiction to review an appellate court's decision in its exercise of original jurisdiction by way of petition for discretionary review, so mandamus is relator's only remedy at law. *State ex rel Hill v. Court of Appeals for the Fifth District*, 34 S.W.3d 924, 926–27 (Tex. Crim. App. 2001) (citing *Jacolos v. State*, 692 S.W.2d 724 (Tex. Crim. App. 1985). Therefore, relator's mandamus application is properly before this Court, and we will address the merits of his allegations.

The traditional two-prong test for mandamus relief requires that a relator show he has no adequate remedy at law and that the action he seeks to compel is ministerial, rather than one involving judicial discretion. *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011). However, when this Court reviews an appellate court's mandamus decision, the inquiry is whether there was a clear abuse of discretion, and this Court's review is conducted

"essentially by undertaking a 'de novo application of the two pronged test applied below by the court of appeals.'" *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210–11 (Tex. Crim. App. 2007).

At the Fifth Court of Appeals, relator sought issuance of the writ to compel a district judge to "entertain and hear the Relator's timely filed Motion for the Use of the Existing Trial Record on A Loan Basis." The court of appeals concluded that it did not have jurisdiction because the motions that relator wanted the district judge to address sought a trial record to aid in the preparation of a habeas corpus application under Article 11.07 of the Code of Criminal Procedure. "It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction." *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985); TEX. CODE CRIM. PROC. art. 11.07 § 5. In protection of that jurisdiction, this Court has issued a writ of mandamus against lower courts when they purported to grant habeas relief in other procedural postures. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991). Accordingly, appellate courts have scrupulously declined to intervene in pending Article 11.07 actions, noting this Court's exclusive jurisdiction. *See In re McAfee*, 53 S.W.3d 715 (Tex. App.—Houston [1ˢᵗ Dist.] 2001, orig. proceeding) (dismissing a mandamus petition to compel a district judge to respond to a pending application for writ of habeas corpus for lack of jurisdiction).

This case, however, presents a different situation. It appears from the record before us that, at the time it was filed, relator's mandamus action did not concern a pending habeas corpus application. Although the records he seeks may be intended for preparation of an eventual habeas corpus application, the issue here is simply whether the trial judge has a duty to act upon his pending motion. This situation is similar to that posed by the prisoner seeking post-conviction DNA testing under authority of Chapter 64 of the Code of Criminal Procedure. That the fruit of the proceeding is intended for eventual Article 11.07 litigation does not preclude a court of appeals from exercising its jurisdiction over district judges in the midst of a Chapter 64 action. *In re Jackson*, 238 S.W.3d 603 (Tex. App.—Waco 2007, orig. proceeding); *In re State ex rel Villalobos*, 218 S.W.3d 837 (Tex. App.—Corpus Christi 2007, orig. proceeding).

Similarly, we perceive no reason why our exclusive Article 11.07 jurisdiction divests an appellate court of jurisdiction to decide the merits of a mandamus petition alleging that a district judge is not ruling on a motion when the relator has no Article 11.07 application pending.

The court of appeals was not wrong to tread lightly where an Article 11.07 habeas corpus application may be concerned, and it was not alone in its determination that it lacked jurisdiction. *See In re Trevino*, 79 S.W.3d 794 (Tex. App.—Corpus Christi 2002, orig. proceeding). However, when there is no pending application for habeas corpus filed under Article 11.07 of the Code of Criminal Procedure, the appellate court is not without

jurisdiction to rule on mandamus petitions relating to a motion requesting access to material that could be used in a future habeas application.

Accordingly, we conditionally grant mandamus and direct the Fifth Court of Appeals to rescind its decision dismissing relator's petitions for writ of mandamus for want of jurisdiction and to consider the merits of the issues raised. This writ of mandamus will issue only if the court of appeals does not comply within thirty days of the date of this opinion.

Delivered: January 9, 2013
Publish