

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00420-CV

IN RE MAURICE BLUITT                                                    RELATOR

------------

## ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

Relator filed this petition for writ of mandamus requesting that this court order the trial court to rule on relator's article 11.07 application for writ of habeas corpus, which he filed with the trial court on January 12, 2010. The court is of the opinion that the petition should be dismissed for want of jurisdiction.

An intermediate court of appeals has no jurisdiction over a post-conviction application for writ of habeas corpus in a felony case. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *see also* Tex. Code Crim. Proc. Ann. art. 11.07, § 5 (West Supp. 2013). Similarly, an

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).

intermediate appellate court has no authority to compel a trial court to rule on matters related to a petition for writ of habeas corpus. *See In re McAfee*, 53 S.W.3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the [Texas] Court of Criminal Appeals." *Id.* at 718 (citing Tex. Const. art. V, § 5). Because we have no jurisdiction to grant mandamus relief against the trial court here regarding a pending article 11.07 proceeding, we dismiss relator's petition for want of jurisdiction. *See id.*; *see also Padieu*, 392 S.W.3d at 117.

Accordingly, relator's petition for writ of mandamus is dismissed for want of jurisdiction.


PER CURIAM

PANEL: WALKER, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DELIVERED: December 13, 2013

2