**Petitions for Writ of Mandamus Dismissed and Memorandum Opinion filed January 7, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00992-CR
### NO. 14-13-01109-CR

### IN RE JOSEPH BARNARD HINES, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 809,892**

## MEMORANDUM OPINION

Relator Joseph Barnard Hines filed a petition for writ of mandamus on November 6, 2013, and a second petition for writ of mandamus on December 12, 2013. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In both petitions relator complains that his conviction for aggravated sexual assault in the 180th District Court is void because the underlying order waiving jurisdiction in the juvenile proceeding in the 313th District Court was void. He requests that we rule that the order waiving jurisdiction entered by the 313th District is void and

issue an order that 180th District Court was without jurisdiction to proceed with trial.

In both original proceedings relator is challenging his adult criminal conviction as void. Although intermediate courts of appeals have jurisdiction in criminal matters, only the Court of Criminal Appeals of Texas has jurisdiction to grant relief in a post-conviction habeas corpus proceeding when there is a final felony conviction. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding) (per curiam); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). Therefore, this court does not have jurisdiction. Accordingly, we dismiss relator's petitions for lack of jurisdiction.

PER CURIAM

Panel Consists of Chief Justice Frost and Justices Jamison and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).