In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00012-CR**

_____

**IN RE JOHN D. FAILS JR.**

_____

**Original Proceeding**

_____

**MEMORANDUM OPINION**

In a petition for writ of mandamus, John D. Fails complains that he filed an application for writ of habeas corpus with the convicting court on October 7, 2013, but he has not received a copy of the State's response to his application. Fails states that he filed a motion to vacate his sentence on December 12, 2013. He argues that he is entitled to have his sentence vacated and to have the indictment dismissed with prejudice as a remedy for a due process violation because the State failed to send him a copy of its response and the district clerk failed to forward his habeas petition to the Court of Criminal Appeals. He asks this Court to vacate his sentence and dismiss the indictment.

1

The Court of Criminal Appeals has exclusive jurisdiction to grant post-conviction relief. *Ater v. Eighth Court of Appeals*, 802 S.W.3d 241, 243 (Tex. Crim. App. 1991). After a post-conviction habeas proceeding commences, the defendant's complaints about the convicting court's handling of the habeas petition must be presented to the Texas Court of Criminal Appeals. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist. 2001, orig. proceeding) ("Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals."). Fails has not shown that the trial court failed to act on a matter over which we have jurisdiction. *See Padieu*, 392 S.W.3d at 117-18. We dismiss the petition for writ of mandamus.

PETITION DISMISSED.

PER CURIAM

Opinion Delivered February 12, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

2