**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed February 20, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00108-CR

---

### IN RE EARL GLENN CONNER, Relator

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
178th District Court
Harris County, Texas
Trial Court Cause No. 542471-A**

---

### MEMORANDUM OPINION

On January 30, 2014, relator Earl Glenn Conner filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable David Mendoza, presiding judge of the 178th District Court of Harris County, to rule on relator's "Delayed Motion for Evidentiary Hearing" in

connection with his pending post-conviction application for habeas corpus relief, in which he challenges his conviction for felony unauthorized use of a motor vehicle.

Although courts of appeals have jurisdiction in criminal matters, only the Court of Criminal Appeals of Texas has jurisdiction over matters related to final post-conviction felony proceedings. Tex. Code Proc. Ann. Art. 11.07, § 5 (West Supp. 2013); *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. (Tex. Crim. App. 2013) (orig. proceeding). The Court of Criminal Appeals' exclusive jurisdiction under article 11.07 does not divest the courts of appeals of jurisdiction to decide the merits of a mandamus petition complaining that a district judge has not ruled on a motion when the relator has no article 11.07 application pending. *Padieu*, 392 S.W.3d at 117−18.

That is not the situation in this case. Relator specifically states that he filed an application for writ of habeas corpus, the Harris County District Attorney filed an answer, and the trial court ordered relator's former attorney to file an affidavit. Because relator filed his motion for an evidentiary hearing in connection with a pending article 11.07 application for writ of habeas corpus, we do not have jurisdiction to compel the trial court to rule on relator's motion.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).