In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00093-CR**
_____


**IN RE GARY W. BRYAN**

_____

**Original Proceeding**
_____

**MEMORANDUM OPINION**

Gary W. Bryan petitions this Court for a writ of mandamus to compel the Judge of the 356th District Court to rule on a motion Bryan filed after his convictions became final. *See Bryan v. State*, Nos. 14-12-00424-CR & 14-12-00425-CR, 2013 WL 3477283 (Tex. App.—Houston [14th Dist.] July 9, 2013, pet. ref'd) (mem. op.). There is no active habeas proceeding; accordingly, this Court has mandamus jurisdiction. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117-18 (Tex. Crim. App. 2013).

Bryan claims he asked the trial court to grant him the opportunity to review the clerk's records and the reporter's records that were prepared for his appeals. He

asks this Court to order the trial court to forward the clerk's and reporter's records to Bryan for his use in preparing an application for a writ of habeas corpus.[1] Bryan has not demonstrated that he has a clear and indisputable right to the relief he requested from the trial court. *See In re Williams*, No. 09-09-00584-CV, 2010 WL 183861, at *1 (Tex. App.—Beaumont Jan. 21, 2010, orig. proceeding) (mem. op.); *see also In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.— Texarkana Apr.13, 2004, orig. proceeding) (mem. op.) (A trial court has no duty to rule on "free-floating motions unrelated to currently pending actions."). We deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Opinion Delivered March 19, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[1]Bryan does not provide sufficient information for this Court to determine whether Bryan had indigent status at the time of his appeal.