**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed April 17, 2014.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-14-00276-CR**

---

**IN RE LEONARDO M. LOZANO, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1277258**

---

## MEMORANDUM OPINION

On April 8, 2014, relator Leonardo M. Lozano filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Marc Carter, presiding judge of the 228th District Court of Harris County, to rule on his motion for dismissal based on newly discovered evidence.

Although courts of appeals have jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction over matters related to final post-conviction felony proceedings. Tex. Code Proc. Ann. Art. 11.07, § 5 (West Supp. 2013); *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding). The Court of Criminal Appeals' exclusive jurisdiction under article 11.07 does not, however, divest the courts of appeals of jurisdiction to decide the merits of a mandamus petition complaining that a district judge has not ruled on a motion when the relator has no article 11.07 application pending. *Padieu*, 392 S.W.3d at 117−18.

We do not have jurisdiction over relator's petition. In the motion relator purportedly filed in the trial court, relator references an "Art. 11.07 writ, seeking my justice." To the extent that relator's motion can be construed as an article 11.07 application for writ of habeas corpus, only the Texas Court of Criminal Appeals has jurisdiction over relator's requested relief. *See id.* at 117. Because it appears that relator filed this motion in connection with a pending article 11.07 application, we do not have jurisdiction to compel the trial court to rule on relator's motion. *See id.* at 117−18.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel Consists of Justices Boyce, Busby, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).