

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00449-CV
_____

IN RE MANUEL SALDANA, RELATOR

_____

ORIGINAL PROCEEDING

_____

January 9, 2015

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

On December 30, 2014, relator Manuel Saldana filed a petition for writ of mandamus in this Court. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004); *see also* TEX. R. APP. P. 52. In the petition, relator asks that we compel the Honorable Don D. Emerson, presiding judge of the 320th District Court of Potter County, to enter detailed findings of fact and conclusions of law relating to his post-conviction application for writ of habeas corpus.

The Texas Court of Criminal Appeals has exclusive jurisdiction to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *Padieu v. Court of Appeals of*

*Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding). Because the Court of Criminal Appeals has exclusive Article 11.07 jurisdiction, an intermediate appellate court has no jurisdiction to rule on matters pertaining to a pending Article 11.07 application. *In re Enriquez*, No. 12-14-00292-CR, 2014 Tex. App. LEXIS 13475, *3 (Tex. App.—Tyler Dec. 17, 2014, orig. proceeding), *citing Padieu,* 392 S.W.3d at 117-18. And, because relator requests that we compel an action by the trial court directly relating to its handling of the Article 11.07 application, we lack jurisdiction to effect the relief he requests.[1] *See In re McAfee,* 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) ("Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals."). Therefore, we have no jurisdiction over relator's request for relief. *See In re Smith,* No. 14-14-00698-CR, 2014 Tex. App. LEXIS 10025, *1 (Tex. App.—Houston [14th Dist.] Sept. 4, 2014, orig. proceeding), *citing McAfee,* 53 S.W.3d at 718.

Finding we have no jurisdiction over his request for relief, we dismiss relator's petition for writ of mandamus.

James T. Campbell
Justice

---

[1] In his petition, relator tells us also that the Court of Criminal Appeals has already denied his application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014). Even if so, given the relief relator requests of us, we do not see that fact as authorizing us to exercise jurisdiction over his petition.