**DENY; and Opinion Filed January 28, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00100-CV
### No. 05-15-00101-CV

### IN RE CHANNING WAIR, Relator

**Original Proceeding from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0951478-R, F-0951425-R**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Brown
Opinion by Justice Brown

Relator filed this petition for writ of mandamus "seeking to compel the respondent to grant his writ of habeas corpus pursuant to T.C.C.P. 11.05." In his petition for writ of mandamus, relator states he filed a "habeas corpus" on August 6, 2014 "to receive copies of his trial records to prove [his] claim of innocence." He requests that the Court order the trial court to rule on his request for the following records: 1) trial transcripts, 2) any motions filed in the district court, 3) witness statements, 4) a copy of the surveillance videotape of the incident."

The Texas Rules of Appellate Procedure have specific requirements for the form and contents of a petition for writ of mandamus. TEX. R. APP. P. 52.3. Relator's petition is not properly certified and he has failed to include an appendix that includes a certified or sworn copy of every document that is material to his claim for relief. TEX. R. APP. P. 52.3(j), 52.7(a)(1). Because the mandamus record does not include relator's pleadings in the trial court, the

mandamus record in this case is insufficient to determine whether relator has filed a pending petition for writ of habeas corpus and seeks documents in conjunction with a pending petition or whether relator is simply seeking documents to prepare for the filing of a future petition for writ of habeas corpus. This distinction is critical because it determines whether the Court has jurisdiction over the petition for writ of mandamus. *Compare Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate judgment of conviction, court of appeals usurped exclusive authority of court of criminal appeals to grant post-conviction relief by writ of habeas corpus) *with Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 118 (Tex. Crim. App. 2013) (orig. proceeding) (absent pending application for habeas corpus filed under Article 11.07 of the Code of Criminal Procedure, appellate court has jurisdiction to rule on a mandamus petition requesting access to material that could be used in future habeas application).

Because relator has failed to comply with the requirements of rule 52, he has failed to show he is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus. TEX. R. APP. P. 52.8.


/Ada Brown/
ADA BROWN
JUSTICE


150100F.P05


–2–