Deny and Opinion Filed April 2, 2015



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00389-CV

### No. 05-15-00390-CV

## IN RE SKIP LAFAYETTE SPRINGER, Relator

**Original Proceeding from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F1242039J, No. F1300590J**

## MEMORANDUM OPINION
Before Justices Bridges, Stoddart, and Schenck
Opinion by Justice Bridges

Relator filed this petition for writ of mandamus complaining that the trial court has not ruled on his petition for writ of habeas corpus. Relator's petition does not comply with the Texas Rules of Appellate Procedure. The Texas Rules of Appellate Procedure have specific requirements for the form and contents of a petition for writ of mandamus. TEX. R. APP. P. 52.3. Relator's petition is not properly certified and does not include an appendix that contains a certified or sworn copy of every document that is material to his claim for relief. TEX. R. APP. P. 52.3(j), 52.7(a)(1).

Because the mandamus record does not include relator's pleadings in the trial court, the mandamus record in this case is insufficient to determine whether the relator seeks an order compelling a ruling on a post-conviction petition for writ of habeas corpus or a pre-trial petition for writ of habeas corpus. This distinction is critical because it determines whether the Court has

jurisdiction over the petition for writ of mandamus. *Compare Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate judgment of conviction, court of appeals usurped exclusive authority of court of criminal appeals to grant post-conviction relief by writ of habeas corpus) *with Padieu v. Court of Appeals of Tex., Fifth Dist.,* 392 S.W.3d 115, 118 (Tex. Crim. App. 2013) (orig. proceeding) (when no post-conviction petition for writ of habeas corpus was pending, court of appeals had jurisdiction to decide merits of mandamus petition alleging district judge failed to rule on motion).

We deny the petition.


150389F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE