

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00183-CR

IN RE R. WAYNE JOHNSON, RELATOR

ORIGINAL PROCEEDING

April 30, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator R. Wayne Johnson is a prison inmate appearing *pro se*. In this original proceeding, he asks that we issue a writ of mandamus against respondent, the Honorable Don Emerson, judge of the 320th District Court of Potter County.[1]

In his petition, relator states that he has submitted a petition for writ of habeas corpus to Judge Emerson seeking restoration of good-time credit which he contends was wrongfully removed by the Texas Department of Criminal Justice. He seeks our order compelling Judge Emerson to appoint counsel for him in the habeas proceeding.

---

[1] Relator's present complaint may be related to his complaints we denied in *In re Johnson,* No. 07-14-00426-CV, 2015 Tex. App. LEXIS 729 (Tex. App.—Amarillo Jan. 27, 2015, orig. proceeding) (mem. op.).

Because relator seeks to alter his sentence by habeas corpus following a final felony conviction, we lack jurisdiction. *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,* 910 S.W.2d 481, 483-84 (Tex. Crim. App. 1995) (explaining that court of criminal appeals has exclusive jurisdiction over habeas relief from final felony convictions); *cf. Vargas v. Tex. Dep't of Crim. Justice,* No. 03-12-00119-CV, 2012 Tex. App. LEXIS 9916, at *8 (Tex. App.—Austin Nov. 30, 2012, no pet.) (mem. op.) ("state inmates must use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement" (internal quotation marks and citation omitted)).

Moreover, even if we are mistaken in our assessment of our jurisdiction,[2] a party seeking habeas corpus relief is ordinarily not entitled to court-appointed counsel at the inception of the proceeding. Contrary to relator's assertion, appointment of counsel to assist in his prosecution of a writ of habeas corpus was not a ministerial act. *In re Bonilla,* 424 S.W.3d 528, 532 (Tex. Crim. App. 2014) (orig. proceeding) ("Although they have rights to appointed counsel and a free trial record on direct appeal, indigent defendants do not have those rights for discretionary review of a decision of the court of appeals, nor for collateral attacks on their convictions. . . . Although an indigent inmate may eventually receive legal counsel to pursue his application, his initial effort in preparing his application for a writ of habeas corpus will likely be pro se"). Accordingly,

---

[2] Whether relator's petition is actually "pending" is not shown. Relator alleges he sent his petition directly to Judge Emerson but alleges also it has not been given to the district clerk. *Cf. Padieu v. Court of Appeals of Tex., Fifth Dist.,* 392 S.W.3d 115, 118 (Tex. Crim. App. 2013) (orig. proceeding) (per curiam) ("when there is no pending application for habeas corpus filed under Article 11.07 of the Code of Criminal Procedure, the appellate court is not without jurisdiction to rule on mandamus petitions relating to a motion requesting access to material that could be used in a future habeas application").

relator's petition, even if considered, does not demonstrate entitlement to mandamus relief. *See id.* at 533 (stating requirements for mandamus relief as no adequate remedy at law and that what relator "seeks to compel is a ministerial act").

We dismiss relator's petition.

Per Curiam

Do not publish.