# NO. 12-15-00142-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JEFFREY L. WARD,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
## PER CURIAM

Relator Jeffrey L. Ward complains in this original mandamus proceeding that the trial court has failed to timely determine the factual issues raised in Relator's application for postconviction habeas relief.

Texas Code of Criminal Procedure Article 11.07 is the exclusive procedure available to an applicant seeking relief from a felony judgment imposing a penalty other than death. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 §§ 1, 5 (West Supp. 2014). The court of criminal appeals has recently clarified that because it has exclusive Article 11.07 jurisdiction, an intermediate appellate court has no jurisdiction to rule on matters pertaining to a pending Article 11.07 application. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117-18 (Tex. Crim. App. 2013).

Because Article 11.07 applies to Relator's pending application for habeas relief, and this court has no jurisdiction to rule on any matters pertaining to a pending Article 11.07 habeas application, we are without jurisdiction to reach the merits of Relator's complaint. Accordingly, we *dismiss* Relator's petition for writ of mandamus *for want of jurisdiction*. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 1; *Padieu*, 392 S.W.3d at 117-18.

Opinion delivered June 3, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 3, 2015

NO. 12-15-00142-CR

**JEFFREY L. WARD,**
Relator
V.
**HON. DWIGHT L. PHIFER,**
Respondent

Appeal from the 2nd District Court
of Cherokee County, Texas (Tr.Ct.No. 11965(c))

ON THIS DAY came to be heard the petition for writ of mandamus filed by **JEFFREY L. WARD**; who is the relator in Cause No. 11965(c), pending on the docket of the 2nd Judicial District Court of Cherokee County, Texas. Said petition for writ of mandamus having been filed herein on June 1, 2015, and the same having been duly considered, because it is the opinion of this Court that this court does not have jurisdiction to issue a writ of mandamus in this proceeding and that it should be dismissed for want of jurisdiction, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*