# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00681-CR

**In re Robert Lee Brown**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. D-1-DC-00-002368, HONORABLE P. DAVID WAHLBERG, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Robert Lee Brown appeals the trial court's denial of his request to conduct DNA testing under Texas Code of Criminal Procedure chapter 64.[1] We will affirm trial the court's order.

## BACKGROUND

This Court previously affirmed Brown's conviction for aggravated robbery. *Brown v. State*, 64 S.W.3d 94 (Tex. App.—Austin 2001, no pet.). This Court stated in its opinion that Brown and others agreed to rob a man and that, during the robbery, they beat the victim with guns. The physical evidence admitted included blood-spattered pistol grips, a shotgun with blood on it, and shotgun shells.

---

[1] This appeal was triggered by Brown filing a notice of appeal challenging the denial of his request for post-conviction DNA testing. He uses some language consistent with an application for habeas corpus relief. We have no jurisdiction over the original post-conviction habeas process because such jurisdiction is vested in the Court of Criminal Appeals. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *see also* Tex. Code Crim. Proc. art. 11.07. To the extent that this is an application for post-felony conviction habeas corpus relief, we dismiss it for want of jurisdiction. We will concern ourselves only with arguments that are directed at any error in the trial court's denial of the request for post-conviction DNA testing.

In his direct appeal, this Court overruled Brown's challenge to the trial court's denial of his motion to suppress the victim's in-court identification of Brown. The identification process began with the arrest of a woman involved in the attack. *Brown*, 64 S.W.3d at 98. The victim knew the woman because she had provided him sexual favors weekly for four years in exchange for money and crack cocaine. *Id.* at 97. The victim allowed the woman into his home, and three men followed and shortly thereafter attacked him. *Id.* The attack occurred over several minutes in close quarters in a well-lit room. *Id.* at 101. Based on the victim's call, police arrested the woman who said she knew one of the men was named Robert because they had been "seeing each other for a few months." *Id.* at 98. Though she did not know Robert's last name, she gave police Robert's brother's name, and with that information the police found Brown. She positively identified Brown when police showed her a picture of him. *Id.* Police then put that photo into an array that they showed to the victim, who positively identified Brown. *Id.*

This Court found that the photo array used out of court was not impermissibly suggestive. *Id.* at 101. The victim testified that he stood face-to-face with the assailants as he repeatedly defended himself and that he focused on Brown's uncovered face during part of the attack. *Id.* This Court acknowledged that the victim's description of Brown was general but noted that the victim reportedly promptly identified Brown as one of his assailants and consistently identified him both inside and outside of court. *Id.*

A jury found Brown guilty of aggravated robbery, and the trial court assessed punishment of thirty-two years in prison.

In denying this request for DNA testing, the trial court found that evidence at trial supported the conviction, including two witnesses testifying that Brown was the perpetrator. The trial court found that DNA test results would not provide affirmative evidence of Brown's innocence even if the sample tested contained the profile of an additional person or did not contain Brown's DNA. The trial court held that Brown failed to prove by a preponderance of the evidence that he would not have been convicted if DNA testing produced exculpatory results. The trial court also declined to appoint counsel for him, concluding that he had failed to satisfy the requirements of Texas Code of Criminal Procedure article 64.01(c).

## STANDARD OF REVIEW

A convicted person may request that the convicting court order forensic DNA testing of evidence containing biological material that was in the State's possession during the trial if it was not previously tested or, although it was previously tested, newer techniques provide a reasonable likelihood of yielding more accurate or probative results. Tex. Code Crim. Proc. art. 64.01(b). The court may order testing of such material if the convicted person shows by a preponderance of the evidence that he would not have been convicted if DNA testing had produced exculpatory evidence. *Id.* art. 64.03(a)(2); *see also Ex parte Gutierrez*, 337 S.W.3d 883, 889-92 (Tex. Crim. App. 2011). The convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent. Tex. Code Crim. Proc. art. 64.01(c); *see also Gutierrez*, 337 S.W.3d at 892.

3

In reviewing the trial court's ruling, this Court defers almost totally to the trial court's resolution of questions of historical fact and questions of mixed fact and law that turn on witness credibility and demeanor, but we consider de novo decisions on pure questions of law. *Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008).

**DISCUSSION**

Brown asserted that identity was an issue in the trial and that previous tests of the blood on those items were "not absolutely conclusive." He contends that new tests could definitely exclude him. But he does not provide persuasive argument or evidence supporting that position.

Brown has not demonstrated error in the trial court's reasoning that he has not shown how DNA test results would exonerate him or tend to affect a jury's view of the evidence. He was identified as being present by two eyewitnesses, one of whom testified she had a sexual relationship with Brown before the attack and one of whom was the victim of the attack and said he focused his attention on Brown. Testimony placed at least two other assailants at the scene. Brown has not explained why the DNA of any person involved in the attack would necessarily be part of the samples he wishes to have tested. The *In re Morton* opinion from this Court shows how an applicant can successfully explain the role that DNA testing of evidence could play in exculpating the applicant or potentially affecting the jury's view of the evidence. *See* 326 S.W.3d 634, 643 (Tex. App.—Austin 2010, no pet.); *see also Gutierrez*, 337 S.W.3d at 892. Brown has failed to explain how the absence of his DNA or the presence of others' DNA on the items would prove exculpatory.

We also find no error in the trial court's denial of the motion for appointment of counsel. Implicit in the court's denial is a finding that Brown failed to show reasonable grounds for

his motion for DNA testing. *See* Tex. Code Crim. Proc. art. 64.01(c). Even assuming that the results of the test favored Brown, he has not shown how that would change the probability of his conviction in light of the record as a whole. *See Gutierrez*, 337 S.W.3d at 891-82.

We affirm the trial court's denial of Brown's request for DNA testing.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   July 10, 2015

Do Not Publish

5