

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00106-CR

TERRY LEE BAUDER, JR.                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM THE 367TH DISTRICT COURT OF DENTON COUNTY
## TRIAL COURT NO. F-2002-0042-E

----------

## MEMORANDUM OPINION[1]

----------

Appellant Terry Lee Bauder Jr. attempts to appeal from the trial court's March 2015 denial of his March 2015 postconviction motion to modify or reduce his 2002 sentence. On August 12, 2015, we notified Appellant of our concern that we lack jurisdiction over this appeal, indicating that the trial court's order is not an appealable order or final judgment and that only the Texas Court of

---

[1]*See* Tex. R. App. P. 47.4.

Criminal Appeals has jurisdiction over postconviction habeas matters, and we stated that this appeal was subject to dismissal unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. Appellant's response does not show grounds for continuing the appeal.

After a felony conviction becomes final, the procedure outlined in article 11.07 of the code of criminal procedure is a prisoner's exclusive remedy for relief; this court has no jurisdiction.[2] We therefore dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 15, 2015

---

[2]Tex. Code Crim. Proc. Ann. art. 11.07, §§ 1, 3(a), 5 (West 2015); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (holding court of appeals usurped exclusive authority of court of criminal appeals to grant postconviction relief by ordering trial court to vacate a final conviction on basis of allegedly invalid guilty plea); *cf. Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (orig. proceeding) (contrasting court of appeals's authority to rule on matters potentially related to forthcoming, but not pending, article 11.07 application with court of criminal appeals's exclusive jurisdiction to grant postconviction relief).