

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00187-CR

EX PARTE LEROY ALVARADO

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 6758-A, Honorable Kelly G. Moore, Presiding

May 20, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Leroy Alvarado, appearing *pro se*, attempts to appeal the trial court's order on his application for post-conviction writ of habeas corpus in a felony case. We dismiss the appeal for want of jurisdiction.

In January 2015, appellant pleaded guilty, pursuant to a plea bargain, to theft of property valued less than $1,500,[1] enhanced to a third-degree felony.[2] Appellant was sentenced to five years confinement, with the term of confinement suspended and appellant placed on community supervision for a period of five years, and a $1,500 fine.

---

[1] TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(D) (West Supp. 2015).

[2] TEX. PENAL CODE ANN. § 12.425(a) (West Supp. 2015).

In February 2016, appellant pleaded true to the State's motion to revoke probation. The trial court revoked his community supervision and sentenced him to three years confinement. Appellant subsequently filed an application for writ of habeas corpus in the trial court. On March 8, 2016, the trial court issued an order on the application for writ of habeas corpus, finding that there were no controverted, previously unresolved facts material to the legality of appellant's confinement. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(c) (West 2015). The trial court recommended denial of appellant's application for writ of habeas corpus and ordered the district clerk to immediately transmit the application, any answers filed, and a copy of the order to the Court of Criminal Appeals.

Appellant filed this appeal on April 26, 2016. By letter dated May 3, 2016, we notified appellant that it did not appear we had jurisdiction and directed him to file a response by May 16, 2016, showing grounds for continuing the appeal or the appeal would be dismissed for want of jurisdiction. Appellant filed a response, but did not show how this Court has jurisdiction over this appeal.

Jurisdiction to grant post-conviction habeas corpus relief in felony cases rests exclusively with the Court of Criminal Appeals. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (per curiam). Post-conviction writs of habeas corpus in felony cases must be filed in the court in which the conviction was obtained. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (West 2015). The trial court must make any necessary findings of fact and then forward the application for writ of habeas corpus, its findings, and the record to the Court of Criminal Appeals for a final ruling on the application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3, 5 (West

2015).  Accordingly, this Court has no jurisdiction over appellant's application for writ of

habeas corpus.

Therefore, we dismiss this appeal for want of jurisdiction.


Per Curiam


Do not publish.