**Opinion issued November 13, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00994-CR

———————————

### IN RE SYLVESTER GERALD MCGEE, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Sylvester Gerald McGee, incarcerated and proceeding pro se, has filed a petition for writ of mandamus seeking to compel the respondents, the district clerk, the district attorney, and the district judge, to respond to his pending application for a felony post-conviction writ of habeas corpus.[1] However, this Court's mandamus jurisdiction is limited to: (1) issuance of writs of mandamus

---

[1] The underlying case is *Sylvester Gerald McGee v. The State of Texas*, Cause No. 0762526-D, pending in the 177th Judicial District Court of Harris County, Texas, the Honorable Robert Johnson presiding.

against a district court judge, statutory county judge, statutory probate county judge, county court judge, district court judge acting as a magistrate at a court of inquiry under Chapter 52 of the Texas Code of Criminal Procedure, or an associate judge appointed under Chapter 201 of the Texas Family Code, in this Court's district, and (2) issuance of writs of mandamus necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)–(b) (West 2004 & Supp. 2017). To the extent that relator's petition is directed at the district clerk or district attorney, we lack jurisdiction because they are not judges and relator does not show that the relief he requests is necessary to enforce our appellate jurisdiction. *See id.*

To the extent that relator's petition is directed at the district judge, because it involves a final post-conviction felony proceeding, we lack jurisdiction because the Texas Court of Criminal Appeals has exclusive jurisdiction over Article 11.07 post-conviction felony habeas applications. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3(a), 5 (West 2015); *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding) (per curiam).

Accordingly, relator's petition is **dismissed** for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Higley, Lloyd, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).