**Opinion issued August 20, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-19-00566-CR**

———————————

**IN RE JAIRL LUTHER GRANT, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator, Jairl Luther Grant, incarcerated and proceeding pro se, has filed a petition for writ of mandamus seeking to compel the respondent district judge to amend the findings of fact and conclusions of law for his felony habeas corpus application before the Court of Criminal Appeals rules on the application.[1]

---

[1] The underlying case is *Ex parte Jairl Luther Grant*, Cause No. 1547050-C, in the 176th Judicial District Court of Harris County, Texas, the Honorable Nikita V. Harmon presiding.

However, because relator's petition involves a final post-conviction felony proceeding, we lack jurisdiction because the Texas Court of Criminal Appeals has exclusive jurisdiction over Article 11.07 final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3(a), 5 (West 2015); *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding) (per curiam). "Article 11.07 contains no role for the courts of appeals," and "to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, we dismiss relator's petition for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).