**Order filed January 31, 2020**



### In The

# Eleventh Court of Appeals

_____

## 11-19-00416-CR

_____

## SONNY DELAO SILVAS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-37,468**

### O R D E R

Appellant, Sonny Delao Silvas, has filed an appeal from a nunc pro tunc judgment in which the trial court deleted a special finding related to attorney's fees in the amount of $3,000 that appeared on the original judgment. The nunc pro tunc judgment was filed on December 3, 2019. We abate the appeal.

In 2011, Appellant was convicted of aggravated assault with a deadly weapon and sentenced to thirty-five years' confinement. He appealed, and this court affirmed the judgment of the trial court. *See Silvas v. State*, No. 11-11-00169-CR,

2013 WL 2641377 (Tex. App.—Eastland June 6, 2013, no pet.) (mem. op., not designated for publication). In 2019, Appellant filed an application for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). In that proceeding, the Court of Criminal Appeals issued an order on November 20, 2019, in which it indicated that additional facts were needed on an issue related to the assistance of appellate counsel in the original appeal and the assessment of attorney's fees against Appellant in the original judgment. *Ex parte Silvas*, No. WR-82,005-03, 2019 WL 6139428, at *1 (Tex. Crim. App. Nov. 20, 2019) (per curiam order) (not designated for publication). The Court of Criminal Appeals ordered the trial court to enter findings of fact and conclusions of law related to Appellant's claim and also ordered that Appellant's Article 11.07 application "will be held in abeyance until the trial court has resolved the fact issues." *Id.* The supplemental record in the habeas proceeding is due to be filed in the Court of Criminal Appeals within 120 days of the November 20, 2019 order.

It appears that the trial court entered the nunc pro tunc judgment in response to the order issued by the Court of Criminal Appeals. Although this court generally has jurisdiction in an appeal from an order granting a judgment nunc pro tunc, *see Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012) (holding that nunc pro tunc judgments are appealable orders), we do not have jurisdiction to interfere with the Court of Criminal Appeals' resolution of a pending Article 11.07 proceeding, *see, e.g.*, *Padieu v. Court of Appeals of Texas, Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (indicating that the Court of Criminal Appeals has exclusive jurisdiction when an Article 11.07 application is pending). Because the current appeal in this court and the Article 11.07 proceeding in the Court of Criminal Appeals are intertwined, we are of the opinion that the appeal filed in this

court should be abated pending resolution of the habeas proceeding in Cause No. WR-82,005-03 by the Court of Criminal Appeals.

Accordingly, we abate this appeal.

PER CURIAM

January 31, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.