

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00084-CR

**IN RE** James **STRIBLIN**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
              Luz Elena D. Chapa, Justice
              Beth Watkins, Justice

Delivered and Filed: February 26, 2020

PETITION FOR WRIT OF MANDAMUS DENIED

On February 10, 2020, relator filed a pro se petition for writ of mandamus, complaining of the trial court's refusal to rule on his "Motion for an Order Compelling Court Reporters to File Reporters Record with the County Clerk" and his "Motion for Issuance of Subpoena Duces Tecum" ("pro se motions"). Relator contends he needs the information he seeks in the motions in order for him to file an article 11.07 writ of habeas corpus.

Only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. *Padieu v. Court of Appeals of Tx., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding) (per curiam). However, in this case, relator has not filed an application for a writ of habeas corpus.

---

[1] This proceeding arises out of Cause No. 2013CR4270, styled *The State of Texas v. James Striblin*, pending in the 186th Judicial District Court, Bexar County, Texas, the Honorable Jefferson Moore presiding.

Instead, he is asking the trial court to order the individuals and/or entities listed in his motions to provide him with certain records for the purpose of filing such an application. The Texas Court of Criminal Appeals has held, "we perceive no reason why our exclusive Article 11.07 jurisdiction divests an appellate court of jurisdiction to decide the merits of a mandamus petition alleging that a district judge is not ruling on a motion when the relator has no Article 11.07 application pending." *Id.* at 117-18 ("Although the records he seeks may be intended for preparation of an eventual habeas corpus application, the issue here is simply whether the trial judge has a duty to act upon his pending motion."). Therefore, this court has the authority to consider the merits of relator's petition under the circumstances presented here. *See id.* at 118 ("when there is no pending application for habeas corpus filed under Article 11.07 of the Code of Criminal Procedure, the appellate court is not without jurisdiction to rule on mandamus petitions relating to a motion requesting access to material that could be used in a future habeas application").

However, to establish a right to mandamus relief in a criminal case, the relator must show the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule on a properly-filed and timely-presented motion. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* Tex. R. App. P. 52.7(a)(1) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as this one, a relator has the burden to provide the court of appeals with a record showing the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an

unreasonable period of time.  *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Here, relator did not provide this court with a file-stamped copy of his pro se motions, a copy of the trial court's docket, or any proof indicating the trial court is aware of the pro se motions. The copies of the pro se motions provided by relator are neither dated nor signed.  Also, relator did not provide a record establishing his pro se motions have awaited disposition for an unreasonable time.  *Id.*  Because relator did not provide this court with a sufficient record, relator has not shown himself entitled to mandamus relief.  Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

Do not publish