**DISMISSED and Opinion Filed December 30, 2020**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-01017-CV**

**IN RE GARY EUGENE SIMS, Relator**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F00-45450-S**

## MEMORANDUM OPINION

Before Justices Whitehill, Pedersen, III, and Carlyle
Opinion by Justice Whitehill

In this original proceeding, relator Gary Eugene Sims seeks mandamus relief

to compel the trial court to rule on his motion for reconsideration of his fourth writ

of habeas corpus filed pursuant to article 11.07 of the code of criminal procedure.

We dismiss the proceeding.

According to the documents relator filed with his petition,[1] on October 27,

2011, the trial court entered findings of fact and conclusions of law on appellant's

fourth application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §3(d). The trial court

entered a finding that relator's contentions did not meet the standard to allow

---

[1] Relator's documents are not certified or sworn copies as required by rule 52. *See* TEX. R. APP. P. 52.3(k), 52.7(a).

consideration on a subsequent writ application, and his challenge to the complainant's credibility was procedurally barred because he had raised it on direct appeal. *See id*. art. 11.07, §4. The trial court recommended to the court of criminal appeals that the writ application be dismissed. In 2015, the trial court entered an order denying relator's objection to the trial court's findings on the ground the court of criminal appeals had dismissed his fourth writ application on January 18, 2012.

In *Padieu v. Court of Appeals of Tex., Fifth Dist.*, the court of criminal appeals concluded that courts of appeals could not exercise jurisdiction over matters associated with a pending article 11.07 writ application, but could exercise jurisdiction over motions seeking access to records for use in a future application for writ of habeas corpus. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013). Although there is no present pending article 11.07 writ application, relator asks us to use our mandamus powers to compel the trial court to rule on a motion to reopen a writ proceeding already adjudicated and dismissed by the court of criminal appeals.

We conclude that our mandamus jurisdiction does not extend to ordering a trial court to rule on motions associated with an article 11.07 writ application already adjudicated. *See Padieu*, 392 S.W.3d at 117–18; *see also In re Backstrom*, No. 03-20-00003-CV, 2020 WL 1239674, at *1 (Tex. App.—Austin Mar. 13, 2020, orig. proceeding) (mem. op.) (court of appeals lacked jurisdiction to consider mandamus to compel trial court to rule on motion seeking ruling and findings pertaining to prior

–2–

post-conviction habeas application); *In re Morgan*, No. 02-16-00077-CV, 2016 WL 1237858, at *1 (Tex. App.—Fort Worth Mar. 28, 2016, orig. proceeding) (mem. op.) (concluding court of appeals lacked jurisdiction to consider mandamus challenging trial court's rulings on prior 11.07 habeas application denied by court of criminal appeals); *In re Estes*, No. 11-15-00002-CR, 2015 WL 301983, at *1 (Tex App.— Eastland Jan. 22, 2015, orig. proceeding) (mem. op., not designated for publication) (concluding court of appeals lacked jurisdiction over mandamus challenging trial court's rulings on 11.07 application already filed and decided).

Accordingly, we dismiss for want of jurisdiction relator's petition for writ of mandamus.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

201017F.P05