

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00065-CR

**IN RE** Stephen Wayne **RICHARDSON**, Relator

Original Proceeding[1]

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                Beth Watkins, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: February 16, 2022

DISMISSED FOR LACK OF JURISDICTION

On February 2, 2022, relator Stephen Wayne Richardson filed a pro se notice of appeal that we construe as a petition for writ of mandamus in which he asserts the trial court has failed to rule on an application for writ of habeas corpus in his underlying criminal case. Richardson was convicted of manslaughter, a second-degree felony. *See Richardson v. State*, No. 04-12-00379-CR, 2013 WL 5653400, at *1 (Tex. App.—San Antonio Oct. 16, 2013, no pet.) (not designated for publication); *see also* TEX. PEN. CODE ANN. § 19.04(b). His conviction is final. Richardson has not included a copy of the application in an appendix to his petition. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

---

[1]This proceeding arises out of Cause No. 2010-CR-10629, styled *State v. Stephen Wayne Richardson*, in the 399th Judicial District Court, Bexar County, Texas, the Honorable Juanita A. Vasquez-Gardner presiding.

Although Richardson has not included a copy of the application in an appendix to his petition, he complains of the trial court's inaction regarding a postconviction felony habeas corpus proceeding. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (per curiam). And only the Court of Criminal Appeals has jurisdiction to order a trial court to rule on a pending article 11.07 writ application. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also In re Martinez*, No. 04-14-00293-CR, 2014 WL 2548571, at *1 (Tex. App.—San Antonio June 4, 2014, orig. proceeding) (per curiam) (not designated for publication).

The mandamus petition is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH