**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed July 14 , 2022**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-22-00269-CR

## IN RE BRETT DAVID BOGUS, Relator

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1433472-A**

## MEMORANDUM OPINION

On April 13, 2022, relator Brett David Bogus filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator claims on August 28, 2015, the 176th District Court entered an unauthorized, illegal sentence of confinement for twenty years in trial court cause number 1399452. *See Bogus v. State*, No. 14-15-00832-CR, 2017 WL 1366674, at *1 (Tex. App.—Houston [14th Dist.] Apr. 13, 2017, pet. ref'd) (mem. op.) (not designated for publication).

While the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction to grant relief in a post-conviction habeas corpus proceeding. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *Ater v. Eighth Court of Appeals*, 802 S.W.3d 241, 243 (Tex. Crim. App. 1991). Relator's complaints relate to matters that were presented or should have been presented in his application for a writ of habeas corpus to the Texas Court of Criminal Appeals pursuant to article 11.07 of the Texas Code of Criminal Procedure.[1]

To the extent that habeas corpus relief is available, relator must seek that relief in the Court of Criminal Appeals.[2] We dismiss relator's petition for want of jurisdiction.[3]

PER CURIAM

Panel consists of Justices Wise, Bourliot and Spain.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] *See In re Bogus*, No. WR-90,434-03, 2021 WL 115556, at *1 (Tex. Crim. App. Jan. 13, 2021); *Ex parte Bogus*, No. WR-90,434-01, 2019 WL 6139093, at *1 (Tex. Crim. App. Nov. 20, 2019).

[2] *See In re Bogus*, No. 14-20-00728-CR, 2020 WL 6494973, at *1 (Tex. App.—Houston [14th Dist.] Nov. 5, 2020) (orig. proceeding); *In re Bogus*, No. 14-20-00480-CR, 2020 WL 4461310, at *1 (Tex. App.—Houston [14th Dist.] Aug. 4, 2020, no pet.); *In re Bogus*, No. 14-20-00196-CR, 2020 WL 1469562, at *1 (Tex. App.—Houston [14th Dist.] Mar. 26, 2020, no pet.); *In re Bogus*, No. 14-19-01007-CR, 2020 WL 372893, at *1 (Tex. App.—Houston [14th Dist.] Jan. 23, 2020, no pet.); *In re Bogus*, No. 14-19-00778-CR, 2019 WL 5559915, at *1 (Tex. App.—Houston [14th Dist.] Oct. 29, 2019, no pet.); *In re Bogus*, No. 14-18-00808-CR, 2018 WL 4495074, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2018, no pet.).

[3] Because we are dismissing for lack of jurisdiction, we do not address any procedural deficiencies with the mandamus petition or record.