

# IN THE
# TENTH COURT OF APPEALS

### No. 10-24-00099-CR

**CHARLES WILLIAM DEFOREST,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 12th District Court
### Madison County, Texas
### Trial Court No. 17-12838

## MEMORANDUM OPINION

Appellant, Charles William Deforest, acting pro se, attempts to appeal from a judgment rendered against him on February 28, 2019. We dismiss for want of jurisdiction.

Appellant was convicted of engaging in organized criminal activity, enhanced by two prior convictions. He appealed the conviction, and this Court affirmed. *See Deforest v. State*, 10-19-00111-CR, 2021 Tex. App. LEXIS 5397 (Tex. App.—Waco July 7, 2021, pet ref'd). On April 3, 2024, Appellant filed a new notice of appeal in this Court contending

that his sentence is void because relevant law precludes the use of his prior driving while intoxicated conviction to enhance his sentence. He also asserts he was denied due process because the record does not show his prior convictions were final. He requests this Court grant his immediate release.

Appellant's attempt to appeal from a final felony conviction falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07. Article 11.07 provides the exclusive means to challenge his conviction for engaging in organized criminal activity. *See id.; Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (per curiam). An intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases. *Padieu*, 392 S.W.3d at 117.

Because we have no jurisdiction over what is in effect a post-conviction habeas corpus proceeding, we dismiss the appeal for want of jurisdiction.[1]

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Appeal dismissed
Opinion delivered and filed April 18, 2024
Do not publish
[CRPM]



---

[1] All pending motions are dismissed as moot.