

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00146-CR

EX PARTE GARY DON TAYLOR

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. C-371-009717-1201358-A

----------

## MEMORANDUM OPINION[1]

----------

Appellant is attempting to appeal from the court of criminal appeals's 2013 denial of his postconviction application for writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West 2015). Appellant has not responded to this court's May 14, 2015 letter questioning our jurisdiction over such an attempted appeal, nor have we found any authority allowing such an appeal. *See, e.g.*, *id.* § 5 ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the

---

[1]*See* Tex. R. App. P. 47.4.

prisoner."); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (holding that court of appeals usurped court of criminal appeals's exclusive authority to grant habeas relief from final felony conviction); *cf. Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (orig. proceeding) (contrasting court of appeals's authority to rule on matters potentially related to forthcoming, but not pending, 11.07 application with the court of criminal appeals's exclusive jurisdiction to grant postconviction relief). Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 30, 2015