

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00376-CR

EX PARTE SAMUEL ALEMAN PINEDA, APPELLANT

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2008-418,759, Honorable Jim Bob Darnell, Presiding

October 27, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Samuel Aleman Pineda appeals a trial court order denying his motion for appointment of counsel for purposes of post-conviction litigation. We dismiss the appeal for want of jurisdiction.

Appellant was convicted of aggravated sexual assault in 2006. In 2015, Appellant filed a motion in the trial court to appoint counsel to represent him in filing an application for writ of habeas corpus under art. 11.07 of the Texas Code of Criminal Procedure. The trial court denied the motion, and appellant appealed the order.

Exclusive jurisdiction over post-conviction relief from final felony convictions vests in the Texas Court of Criminal Appeals. *See Padieu v. Court of Appeals of TX.,*

*Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5. Consequently, intermediate "appellate courts have scrupulously declined to intervene in pending art. 11.07 actions, noting [the Texas Court of Criminal Appeals'] exclusive jurisdiction." *Padieu*, 392 S.W.3d at 117 (*citing In re McAfee*, 53 S.W.3d 715 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding)). Article 11.07 simply contains no role for the intermediate courts of appeals; the only courts to which art. 11.07 refers are the convicting court and the Court of Criminal Appeals. *In re McAfee*, 53 S.W.3d at 718.

Moreover, a decision to deny appointed counsel is not an appealable order given that it involves a preliminary matter. *Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010) (involving the denial of counsel to assist in securing post-conviction DNA testing). This coupled with our lack of jurisdiction over art. 11.07 proceedings leads us to conclude that we have no jurisdiction to entertain the appeal at bar.

Accordingly, we dismiss the appeal for want of jurisdiction.


Per Curiam


Do not publish

2