**Opinion issued March 1, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00009-CR

———————————

## IN RE WILLIAM MARK RHODES, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, William Mark Rhodes, incarcerated and proceeding *pro se*, has filed a petition for a writ of mandamus, seeking an order directing the trial court judge to file findings of fact and conclusions of law relating to relator's application for a writ of habeas corpus.[1] Relator also seeks an order directing the trial court clerk to send

---

[1]     Respondents in this proceeding are the Honorable Katherine Cabaniss and the Honorable Chris Daniel. The underlying case is Cause No. 1259408-A, in the 246th

relator a copy of the findings and conclusions, and forward his application to the Texas Court of Criminal Appeals. We dismiss relator's petition for a writ of mandamus for want of jurisdiction.

Because relator's petition reflects that he has filed an article 11.07 application for a writ of habeas corpus in the trial court, his mandamus petition relates to a pending post-conviction habeas corpus application involving a final felony conviction. This Court does not have jurisdiction to grant relator's requested relief. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Padieu v. Ct. App. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013). Accordingly, any complaints about inaction on matters relating to relator's post-conviction application for a writ of habeas corpus must be brought in the court of criminal appeals. *See In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals."); *In re McAfee,* 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (noting "only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings"). We have no authority to

---

District Court of Harris County, Texas, the Honorable Katherine Cabaniss presiding.

issue writs of mandamus in criminal law matters relating to final post-conviction felony proceedings. *See In re McAfee*, 53 S.W.3d at 717.

Moreover, this Court's mandamus jurisdiction is limited to (1) writs against a district court judge or county court judge in this Court's district and (2) all writs necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)–(b) (West 2004). Thus, we have no jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce our jurisdiction. *See id.*; *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Because issuance of a writ is not necessary to enforce our jurisdiction and relator seeks relief regarding an article 11.07 application for a writ of habeas corpus, we do not have jurisdiction to issue a writ of mandamus against the district clerk. *See In re Washington*, 7 S.W.3d at 182; *see also Padieu*, 392 S.W.3d at 117; *see, e.g.*, *Benson v. Dist. Clerk*, 331 S.W.3d 431, 433 (Tex. Crim. App. 2011) (court of criminal appeals conditionally granted writ of mandamus against district clerk to compel performance of ministerial duty to receive, file, and forward article 11.07 application).

Accordingly, we dismiss relator's petition for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Bland, Brown, and Lloyd.
Do not publish.   TEX. R. APP. P. 47.2(b).