

# NUMBER 13-16-00215-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE STEVE BATTLES

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion Per Curiam[1]

Relator, Steve Battles, proceeding pro se, filed a petition for writ of mandamus in the above cause on April 11, 2016. Although the relief sought is not clear, relator appears to request that we direct the trial court to rule on a pending motion or motions. Based on a trial court cause number referenced in relator's petition for writ of mandamus, it appears that this Court previously affirmed relator's convictions for first-degree felony burglary of a habitation and third-degree injury to an elderly person. *See Battles v. State,* No. 13-12-

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

00273-CR, 2013 WL 5520060, at *1 (Tex. App.—Corpus Christi Oct. 3, 2013, pet. ref'd) (mem. op. not designated for publication). Relator further appears to have an original proceeding pending in cause number WR-81,359-04 in the Texas Court of Criminal Appeals arising from that same trial court cause number.

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Although courts of appeals have jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction over matters related to final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West, Westlaw

through 2015 R.S.); *Padieu v. Ct. of App. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding) ("It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction."); *Board of Pardons & Paroles ex rel. Keene v. Ct. of App. of Tx., Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final felony conviction. Jurisdiction to grant post-conviction habeas corpus relief on a final felony conviction rests exclusively with [the Court of Criminal Appeals]."). The Court of Criminal Appeals' exclusive jurisdiction under article 11.07 does not necessarily, however, divest the courts of appeals of jurisdiction to decide the merits of a mandamus petition when the relator has no article 11.07 application pending. *See Padieu*, 392 S.W.3d at 117–18.

The Court, having examined and fully considered the limited record presented, is of the opinion that relator has not established that we possess jurisdiction over this original proceeding. *See Padieu*, 392 S.W.3d at 117–18. Accordingly, relator's petition for writ of mandamus is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
 TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of April, 2016.

3