# NOS. 12-18-00189-CR
# 12-18-00190-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *WILLIAM T. NICHOLAS, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

William T. Nicholas, Jr., acting pro se, filed these original proceedings in which he challenges Respondent's denial of his motion to review the record.[1]  We deny the writ.

### BACKGROUND

According to Relator's petition, he was convicted of two counts of aggravated assault and sentenced in October 2010.[2]  In July 2011, this Court affirmed Relator's convictions, for which he received life in prison.[3]  Relator's mandamus record demonstrates that, on July 18, 2012, the Smith County District Clerk responded to Relator's request for copies of the record, informing Relator that an indigent criminal defendant is not entitled to a free copy of prior proceedings for the pursuit of a post-conviction habeas corpus.  The record further reflects that on April 23, 2018, Relator filed a letter with the Smith County District Clerk in which he requested the filing of his motion to review the record.  In his motion, Relator sought to review the record in paper

---

[1] Respondent is the Honorable Kerry L. Russell, Judge of the 7th District Court in Smith County, Texas. The State of Texas is the Real Party in Interest.

[2] Relator filed the same petition for both convictions.

[3] *See **Nicholas v. State***, Nos. 12-10-00392-CR, 12-10-00393-CR, 2011 WL 3273958 (Tex. App.—Tyler July 29, 2011, no pet.) (mem. op., not designated for publication).

format at no cost on a temporary loan basis for purposes of pursuing habeas relief. At the bottom of Relator's letter is the word "denied," with a date of April 25, and purportedly signed by Respondent.

## PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*. Generally, courts of appeals do not have authority to issue writs of mandamus regarding complaints that may only be raised by a post-conviction habeas corpus proceeding. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). However, "when there is no pending application for habeas corpus filed under Article 11.07 of the Code of Criminal Procedure, the appellate court is not without jurisdiction to rule on mandamus petitions relating to a motion requesting access to material that could be used in a future habeas application." *Padieu v. Court of Appeals of Tx., Fifth Dist.*, 392 S.W.3d 115, 118 (Tex. Crim. App. 2013).

## AVAILABILITY OF MANDAMUS

The record demonstrates that Relator seeks access to the record to pursue a future Article 11.07 application for writ of habeas corpus and there is no indication in the record that such an application is pending. However, an indigent criminal defendant is not entitled—either as a matter of equal protection or of due process—to a free record of prior proceedings for use in pursuing postconviction habeas corpus relief. *United States v. MacCollom*, 426 U.S. 317, 327–28, 96 S. Ct. 2086, 2092–93, 48 L. Ed. 2d 666 (1976); *In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). A free record is available for that purpose only if the defendant shows that (1) the habeas corpus application is not frivolous, including a specific showing of the issues to be raised in the habeas proceeding, and (2) there is a specific need for the trial records that are sought, including a showing of the inability to pay for the record. *In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig.

2

proceeding); *see In re Dunn*, No. 06-08-00005-CV, 2008 WL 191257, at *1 (Tex. App.—Texarkana Jan. 24, 2008, orig. proceeding) (mem. op.).

In his petition, Relator alleges "prejudicial error," that his "guilty" plea was not knowing or voluntary, prosecutorial misconduct, vindictiveness, and ineffective assistance of trial counsel. He further complains of an improper enhancement, comments and bias by Respondent, and a victim impact statement given before sentencing. All of these complaints could have been asserted on appeal from his 2010 convictions. Moreover, with respect to his allegation of ineffective appellate counsel, Relator makes no more than a naked assertion. Accordingly, Relator has not made the required showing to obtain access to the record for use in his anticipated habeas proceeding. *See In re Pallm*, No. 12-11-00376-CR, 2011 WL 6091791, at *1 (Tex. App.—Tyler Dec. 7, 2011, orig. proceeding) (mem. op., not designated for publication). Because Relator failed to establish that Respondent violated a ministerial duty by denying his motion to review the record, he fails to demonstrate an entitlement to mandamus relief.

## DISPOSITION

Having determined that mandamus relief is not available for Respondent's denial of Relator's motion to review the record, we ***deny*** Relator's petition for writ of mandamus. All pending motions are ***overruled as moot***.

Opinion delivered July 25, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 25, 2018

NO. 12-18-00189-CR

**WILLIAM T. NICHOLAS, JR.,**
Relator
V.

**HON. KERRY L. RUSSELL,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by William T. Nicholas, Jr.; who is the relator in Cause No. 007-0492-10, pending on the docket of the 7th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on July 16, 2018, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 25, 2018**

**NO. 12-18-00190-CR**

**WILLIAM T. NICHOLAS, JR.,**
Relator
V.

**HON. KERRY L. RUSSELL,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by William T. Nicholas, Jr.; who is the relator in Cause No. 007-0492-10, pending on the docket of the 7th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on July 16, 2018, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*