# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00477-CV

### In re Tommy Joe Kelley

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Tommy Joe Kelley, an inmate in the Texas Department of Criminal Justice, has filed a document entitled *Writ of Novation*, which has been docketed as a petition for writ of mandamus in this Court. In this document, relator requests a "review of trial court D-1-DC-11-300379 A and B [in] the 390th Judicial District Court."

We have reviewed the document and the claims raised. The complaints asserted by relator are the sort of claims that must be raised by way of a post-conviction application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 11.07, § 5; *see also Olivo v. State*, 918 S.W.2d 519, 525 n. 8 (Tex. Crim. App. 1996) ("[T]he exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07."); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final felony conviction.").

Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. art. 11.07, § 3(a); *see also Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) ("It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction."); *Keene*, 910 S.W.2d at 483 ("Jurisdiction to grant post conviction habeas corpus relief on a final felony conviction rests exclusively with [the Court of Criminal Appeals].").

Moreover, to the extent that relator seeks review from this Court of the Court of Criminal Appeals' denial of his 11.07 applications for writ of habeas corpus, we do not have jurisdiction to review decisions of the Court of Criminal Appeals. The Court of Criminal Appeals is the final authority in criminal matters. *See* Tex. Const. art. V, § 5(a) (declaring that Court of Criminal Appeals is final authority for criminal law in Texas: "its determinations shall be final, in all criminal cases of whatever grade"); *see also Moore v. Texas*, 137 S. Ct. 1039, 1044 n.1 (2017) (recognizing that "The CCA is Texas' court of last resort in criminal cases" (citing Tex. Const. art. V, § 5)).

We do not have jurisdiction to grant relator the relief he seeks. The petition is dismissed for want of jurisdiction. *See* Tex. R. App. P. 52.8(a).

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Filed: August 2, 2019