**DENY; and Opinion Filed December 14, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01403-CV

### IN RE ISRAEL CALLERO MENDEZ, Relator

**Original Proceeding from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-00914-N**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Lang-Miers

Before the Court is relator's petition for writ of mandamus. Relator has not established his right to mandamus relief.

In 2008, relator was indicted, convicted, and given a mandatory life sentence without parole for capital murder in trial court cause number F08-59468. In 2010, relator was indicted for an aggravated assault allegedly committed during the same 2008 robbery from which his capital murder conviction arose. The aggravated assault indictment was docketed as cause number F10-00914. This Court affirmed relator's capital murder conviction. *See Mendez v. State*, 05-10-01461-CR, 2012 WL 1344722, at *1 (Tex. App.—Dallas Apr. 18, 2012, pet. ref'd). Relator has since filed petitions for writs of habeas corpus in the Texas Court of Criminal Appeals and the United States District Court for the Northern District of Texas, all of which have been denied. In this original proceeding relator asks this Court to order the trial court to provide him with "the papers in cause # F10-00914" in order to show that the aggravated assault indictment should have been part of the appellate record in the capital murder case.

The Texas Rules of Appellate Procedure have specific requirements for the form and contents of a petition for writ of mandamus. TEX. R. APP. P. 52.3. Relator's petition is not properly certified and does not include an appendix containing a certified or sworn copy of every document that is material to his claim for relief. TEX. R. APP. P. 52.3(j),(k), 52.7(a)(1). Because the mandamus record does not include relator's pleadings in the trial court, the mandamus record in this case is insufficient to determine whether relator has filed a pending petition for writ of habeas corpus and seeks documents in conjunction with a pending petition, or whether relator is simply seeking documents to prepare for the filing of a future petition for writ of habeas corpus. This distinction is critical because it determines whether the Court has jurisdiction over the petition for writ of mandamus. *Compare Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate judgment of conviction, court of appeals usurped exclusive authority of court of criminal appeals to grant post-conviction relief by writ of habeas corpus) *with Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 118 (Tex. Crim. App. 2013) (orig. proceeding) (absent pending application for habeas corpus filed under Article 11.07 of the Code of Criminal Procedure, appellate court has jurisdiction to rule on a mandamus petition requesting access to material that could be used in future habeas application).

Because relator has failed to comply with the requirements of rule 52, he has failed to show he is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus. TEX. R. APP. P. 52.8.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

161403F.P05

–2–