

## NUMBER 13-19-00574-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

### IN RE MICKEY WAYNE BOSWELL

---

### On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Hinojosa and Tijerina
### Memorandum Opinion by Chief Justice Contreras[1]

Relator Mickey Wayne Boswell, proceeding pro se, filed a petition for writ of mandamus in the above cause on November 8, 2019.[2]  Through this original proceeding, relator seeks to compel the trial court to "expand the record" and "reinstate" relator's petition for writ of habeas corpus under article 11.07 of the Texas Code of Criminal

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

[2] Relator also filed a motion for leave to file his petition for writ of mandamus.  We dismiss relator's motion for leave as moot.  The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding.  *See generally* TEX. R. APP. P. 52 & cmt.

Procedure.[3]   *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.   We deny the petition for writ of mandamus.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision.   *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding).   If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied.   *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief.   *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").   In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*."* *See generally* TEX. R. APP. P. 52.3.   The relator must furnish an appendix or record sufficient to support the claim for mandamus relief.   *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

---

[3] Relator's conviction in the underlying case was affirmed on direct appeal.   *See Boswell v. State*, Nos. 13-11-00785-CR, 13-11-00786-CR, & 13-11-00791-CR, 2015 WL 5655823, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 24, 2015, pet. ref'd) (mem. op., not designated for publication).

Relator's petition for writ of mandamus fails to meet the foregoing requirements. In short, the record in this case is insufficient to determine whether relator's application for writ of habeas corpus remains pending or whether relator seeks to pursue a separate application for writ of habeas corpus in the future. This distinction is critical because it determines whether this Court has jurisdiction over the petition for writ of mandamus. *See In re Mendez*, 523 S.W.3d 164, 165 (Tex. App.—Dallas 2016, orig. proceeding); *compare Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (holding that the court of criminal appeals has exclusive jurisdiction to grant post-conviction relief by writ of habeas corpus) *with Padieu v. Court of Appeals of Tex., Fifth Dist*., 392 S.W.3d 115, 118 (Tex. Crim. App. 2013) (orig. proceeding) (delineating the limited jurisdiction possessed by intermediate appellate courts pertaining to article 11.07 applications for writs of habeas corpus). We note that if an applicant finds it necessary to complain about the processing of an article 11.07 application for writ of habeas corpus, the applicant may seek mandamus relief directly from the Texas Court of Criminal Appeals. *See, e.g., Benson v. Dist. Clerk*, 331 S.W.3d 431, 432–33 (Tex. Crim. App. 2011) (per curiam); *Gibson v. Dallas Cty. Dist. Clerk*, 275 S.W.3d 491, 491–92 (Tex. Crim. App. 2009) (per curiam); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding); *see also In re Provost*, No. 14-19-00374-CR, 2019 WL 2144778, at *1 (Tex. App.—Houston [14th Dist.] May 16, 2019, orig. proceeding) (mem. op., not designated for publication).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus and all relief requested therein.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of November, 2019.