**Opinion issued May 7, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00086-CV

_____

**TYRONE RICHARDS, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

On Appeal from the 269th District Court
Harris County, Texas
Trial Court Case No. 2012-13937

## MEMORANDUM OPINION

Tyrone Richards, an inmate, attempts to appeal the trial court's final judgment signed on May 8, 2012.[1]

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a). The time to file a notice of appeal may also be extended if, within 15 days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3.

The record reflects that the trial court signed the final judgment on May 8, 2012. The record does not reflect that appellant filed a motion for new trial. *See* TEX. R. CIV. P. 329b(a). Therefore, appellant's notice of appeal was due by June 7, 2012. *See* TEX. R. APP. P. 26.1.

Appellant untimely filed his notice of appeal on January 15, 2020. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

---

[1] In his brief filed on February 24, 2020, appellant complains about the trial court's May 8, 2012 final judgment concerning forfeiture under chapter 59 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 59.01–.14.

On February 25, 2020, we notified appellant that his appeal was subject to dismissal for want of jurisdiction unless, by March 17, he filed a response showing grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3(a). Appellant has not adequately responded.

Accordingly, we dismiss the appeal for want of jurisdiction.[2] *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.

---

[2] Appellant's notice of appeal states that he is appealing "the denial of his application 11.07 that was mailed out . . . on 12.13.19, and denied by operation of law." To the extent that Richards attempts to appeal the denial of an article 11.07 application for habeas relief, we lack jurisdiction over such appeal. *See* TEX. CODE CRIM. PROC. art. 11.07, §§ 3(a), 5; *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding) (per curiam). "Article 11.07 contains no role for the courts of appeals," and "to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

3