

# NUMBER 13-21-00158-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CARY CANTWELL

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Tijerina
### Memorandum Opinion by Chief Justice Contreras[1]

Relator Cary Cantwell, proceeding pro se, filed a petition for writ of mandamus in the above cause through which he requests that we direct the trial court to rule on and grant Cantwell's "Motion to Delete [Article] 11.07 Application Wrongfully Filed by Clerk—Void." *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (delineating the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

judgment imposing a penalty other than death).[2] According to Cantwell, the prison officials provided him with an outdated form for his article 11.07 application for writ of habeas corpus, and the improper form ultimately resulted in the trial court's denial of the application.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

The trial court has a ministerial duty to rule on a properly filed and timely presented motion. *See id.* To be entitled to mandamus relief for a trial court's failure to rule on a motion, however, the record must show that the motion was filed and brought to the attention of the judge for a ruling. *See In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). Merely filing a document with the

---

[2] Only the Texas Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. *Padieu v. Court of Appeals of Tx., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding) (per curiam). However, in this case, the relator is asking the trial court to rule on a motion pertaining to the denial of his application for habeas corpus relief. The Texas Court of Criminal Appeals has held: "we perceive no reason why our exclusive Article 11.07 jurisdiction divests an appellate court of jurisdiction to decide the merits of a mandamus petition alleging that a district judge is not ruling on a motion when the relator has no Article 11.07 application pending." *Id.* at 117-18 ("Although the records he seeks may be intended for preparation of an eventual habeas corpus application, the issue here is simply whether the trial judge has a duty to act upon his pending motion."). Therefore, this Court has the authority to consider the merits of the relator's petition under the circumstances presented here. *See id*. at 118.

district clerk does not indicate that the trial court is aware of it and we do not impute the clerk's knowledge of the filing to the trial court. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3; *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record.*" See generally* TEX. R. APP. P. 52.3(g), (h). The relator must furnish an appendix and record sufficient to support the claim for mandamus relief. *See id*. R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Cantwell has not met his burden to obtain relief. Cantwell has not filed either an appendix or record in support of his contentions in this original proceeding. He has thus failed to provide a sufficient record to show that: (1) the motion was filed, (2) the motion was brought to the attention of the trial court, (3) relator requested a ruling, and (4) the trial court refused or failed to issue a ruling within a reasonable period. *See In re Foster*, 503 S.W.3d at 607; *In re Layton*, 257 S.W.3d at

3

795; *In re Hearn*, 137 S.W.3d at 685. Further, while we may, in appropriate circumstances, direct the trial court to issue a ruling, we may not direct what that ruling should be. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) ("While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be."); *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding) ("However, while we have jurisdiction to direct the trial court to proceed to judgment, we may not tell the court what judgment it should enter."). Accordingly, we deny the petition for writ of mandamus. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704.

DORI CONTRERAS
Chief Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed on the
27th day of May, 2021.

4