**Opinion issued March 24, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-26-00225-CR

————————————

## IN RE BRSHAI KEVIN PETERS, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Brshai Kevin Peters, incarcerated and proceeding pro se, has filed a petition for writ of mandamus asking this Court to direct the trial court to set aside his August 20, 2012 guilty plea and conviction for the felony offense of aggravated robbery with a deadly weapon.[1] We dismiss the petition for lack of jurisdiction.

---

[1] The underlying case is *The State of Texas v. Brshai Kevin Peters*, cause number 130552601010, in the 179th District Court of Harris County, Texas, the Honorable Randy Roll presiding.

Peters's petition, although couched as seeking mandamus relief, is a collateral attack on his final felony conviction and, therefore, falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure.[2] *See* TEX. CODE CRIM. PROC. art. 11.07. Article 11.07 provides the exclusive means to challenge Peters's final felony conviction. *See* TEX. CODE CRIM. PROC. art. 11.07; *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013). "[W]hile the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings." *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Our mandamus jurisdiction thus cannot be used to grant post-conviction habeas relief challenging a final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (holding that court of appeals' granting writ of mandamus to vacate judgment of conviction on basis of allegedly invalid guilty plea usurped exclusive authority of Court of Criminal Appeals to grant postconviction relief).

---

[2]     Article 11.07 pertains to an application for a writ of habeas corpus "in which the applicant seeks relief from a felony judgment imposing a penalty other than death." TEX. CODE CRIM. PROC. art. 11.07, § 1. "After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas." *Id.* § 3(a).

Accordingly, because Peters seeks to collaterally attack his final felony conviction and because such collateral attacks are not cognizable in this original proceeding, we dismiss his petition for writ of mandamus for lack of jurisdiction. *See In re Autrey*, No. 05-23-00254-CV, 2023 WL 2806256, at \*2 (Tex. App.—Dallas Apr. 6, 2023, orig. proceeding) (mem. op., not designated for publication) ("When a relator files a petition for writ of mandamus requesting only habeas relief that should be brought in an article 11.07 habeas application, the proper course is to dismiss the petition for want of jurisdiction.").

**PER CURIAM**

Panel consists of Justices Gunn, Caughey, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).