**Opinion issued April 16, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-26-00308-CR**

———————————

**IN RE DONALD WAYNE HEROD, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator Donald Wayne Herod has filed a pro se petition for writ of mandamus asserting complaints about his underlying conviction.[1]

---

[1] The underlying case is *The State of Texas v. Donald Wayne Herod*, cause number 1152281, in the 339th District Court of Harris County, Texas, the Honorable Te'iva J. Bell presiding. This Court affirmed relator's conviction under that cause number for the third-degree felony offense of driving while intoxicated—third offense. *Herod v. State*, No. 01-08-00908-CR, 2010 WL 1981577, at *5 (Tex. App.—Houston [1st Dist.] May 13, 2010, pet ref'd) (mem. op., not designated for publication).

Herod's petition, although styled as seeking mandamus relief, is a collateral attack on his final felony conviction and, therefore, falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure.[2] *See* TEX. CODE CRIM. PROC. art. 11.07.  Article 11.07 provides the exclusive means to challenge Herod's final felony conviction. *See* TEX. CODE CRIM. PROC. art. 11.07; *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013).  "[W]hile the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings." *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).  Our mandamus jurisdiction thus cannot be used to grant post-conviction habeas relief challenging a final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (holding that court of appeals' granting writ of mandamus to vacate judgment of conviction on basis of allegedly invalid guilty plea usurped exclusive authority of Court of Criminal Appeals to grant postconviction relief).

---

[2] Article 11.07 pertains to an application for a writ of habeas corpus "in which the applicant seeks relief from a felony judgment imposing a penalty other than death." TEX. CODE CRIM. PROC. art. 11.07, § 1.  "After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas." *Id*. § 3(a).

Accordingly, because Herod seeks to collaterally attack his final felony conviction and because such collateral attacks are not cognizable in this original proceeding, we dismiss his petition for writ of mandamus for lack of jurisdiction. *See In re Autrey*, No. 05-23-00254-CV, 2023 WL 2806256, at \*2 (Tex. App.— Dallas Apr. 6, 2023, orig. proceeding) (mem. op.) ("When a relator files a petition for writ of mandamus requesting only habeas relief that should be brought in an article 11.07 habeas application, the proper course is to dismiss the petition for want of jurisdiction."). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Gunn, Caughey, and Morgan.

Do not publish. *See* TEX. R. APP. P. 47.2(b).